**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

William R. Bradley, Jr.,
    Plaintiff

    vs                                          Case No. C-1-04-779
                                                 (Watson, J.)
Department of Housing and Urban     (Hogan, M.J.)
Development, et. al.
    Defendants

**REPORT AND RECOMMENDATION**

On April 27, 2005, the Court ordered Plaintiff to show cause why this action should not be dismissed as to Defendant Department of Housing and Urban Development (HUD) for lack of service. The Court informed Plaintiff that proper service has not been perfected upon Defendant pursuant to Federal Rule of Civil Procedure 4(i)(1)(A),(B)and (2)(A). (*See* Doc. 19).

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* FED. R. CIV. P. 41(b). On May 17, 2005, Plaintiff filed a Response to the Court's order arguing that he complied with Rule 4(i) and providing the Court with a copy of the Return of Service regarding service upon Defendant Alphonso Jackson, Secretary of Department of Housing and Urban Development. However, Plaintiff has submitted no verification that he has complied with Rule 4(i)(1)(A) and (B). Moreover, while it appears that the Complaint has been served by certified mail upon the individual defendants at their places of employment, (*See* Doc. 9, Return of Service), Plaintiff's Complaint does not state claims against these defendants in their individual capacities such that it is assumed that the claims are asserted against

defendants in their official capacities only. (*See* Doc. 2, Complaint, at ¶ 15). However, because Plaintiff has not complied with Rule 4(i)(1), service upon the individual employees is ineffective. Plaintiff has, therefore, failed to establish that he has obtained proper service upon Defendant HUD. Absent proper service, this Court lacks personal jurisdiction over the Defendant. *Amen v. City of Dearborn*, 532 F.2d 554 (6th Cir. 1976), cert. denied, 465 U.S. 1101 (1984). For this reason, the Court recommends that Plaintiff's Complaint be Dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion to Dismiss (Doc. 15) be GRANTED

2. Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for failure of service and failure to abide by a Court order; and

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of its Order dismissing the action is not taken in good faith and that Plaintiffs be denied leave to appeal in forma pauperis. Plaintiffs would remain free to apply to proceed in forma pauperis in the Court of Appeals. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


Date  6/29/2005           s/Timothy S. Hogan
                          Timothy S. Hogan
                          United States Magistrate Judge

## NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 6/29/2005 . Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* FED. R. CIV. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* FED. R. CIV. P. 72(b).

1:04cv779 doc.#22

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>William R Bradley, Jr.<br>3099 McHenry Ave<br>Apt. #8<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0523 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540