**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

William R. Bradley, Jr.,
    Plaintiff

vs

Department of Housing and Urban
Development, et. al.
    Defendants

Case No. C-1-04-779
(Watson, J.)
(Hogan, M.J.)

**REPORT AND RECOMMENDATION**

On December 14, 2005, the Court issued an order directing Plaintiff to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction. (Doc. 32). To date, Plaintiff has failed to file a response to the Court's order.

We find that dismissal is appropriate for failure to prosecute. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir. 1978)*; see also Coleman v. American Red* Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Plaintiff was ordered to file a response to Defendants' Motion to Dismiss arguing his position as to why his Complaint should not be dismissed. (*See* Doc. 32). Plaintiff has failed to respond in any manner.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to prosecute.

2. This case be terminated on the Court's Docket.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal from any Order adopting this Report and Recommendation would not be taken in "good faith" for purposes of granting Plaintiff leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   1/4/2006              s/Timothy S. Hogan
                              Timothy S. Hogan
                              United States Magistrate Judge


J:\SMITHLE\TSHORDER\bradley.dis.wpd

1:04cv779

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>William R Bradley Jr.<br>3099 McHenry Ave,<br>Apt #8<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7001 2510 0008 6348 2603 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540